IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELFON LEBREW HARE, SR., <br><br> Petitioner, <br><br> v. <br><br> JORDAN HOLLINGSWORTH, <br><br> Respondent. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-5458 (JBS) <br><br> **OPINION** |

APPEARANCES:

Delfon Lebrew Hare, Sr., Petitioner pro se
#39733-037
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

I. INTRODUCTION

Delfon Lebrew Hare, Sr., a federal prisoner confined at FCI Fort Dix, New Jersey, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as an application to proceed *in forma pauperis*. Amended Petition, Docket Entry 5. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction. The *in forma pauperis* application is dismissed as moot.

II. BACKGROUND

Petitioner pled guilty to possession with intent to distribute fifty grams or more of cocaine base under 21 U.S.C. §

841 in the United States District Court for the District of Maryland. *Hare v. United States*, No. 10-1757, 2013 WL 5423959, at *1 (D. Md. Sept. 26, 2013).[1] The District Court imposed a thirty-year sentence. *Id.* The United States Court of Appeals for the Fourth Circuit affirmed the sentence and determined the District Court did not err in denying Petitioner's motion to withdraw his guilty plea. *United States v. Hare*, 319 F. App'x 280, 282 (4th Cir. 2009) (per curiam).

Petitioner thereafter filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Amended Petition at 4; *Hare*, 2013 WL 5423959 at *1. He argued: "(1) he was denied his statutory and Constitutional rights to a speedy trial, (2) the government violated the notice procedures under 21 U.S.C. § 851, (3) he made an involuntary guilty plea, and (4) he suffered from ineffective assistance of counsel." *Hare*, 2013 WL 5423959 at *1. The District Court denied his motion on the merits and denied a certificate of appealability. *Id.* at *8. The Fourth Circuit upheld the District Court's decision. *United States v. Hare*, 556 F. App'x 274, 275 (4th Cir. 2014) (per curiam).

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

After his appeal was dismissed, Petitioner filed a motion before the District Court under Federal Rule of Civil Procedure 60(b). Amended Petition at 7. He argued "that a writ of habeas corpus ad prosequendum issued in his state case on June 23, 2008 constitutes newly discovered evidence that undermines" the District Court's order denying his § 2255 motion. *United States v. Hare*, No. 07-0189, slip op. at 1-2 (D. Md. Sept. 22, 2015) (order denying relief from judgment). The court rejected Petitioner's argument that the writ ad prosequendum constituted "newly discovered evidence" as Petitioner had become aware of the writ during the pendency of his § 2255 motion. *Id.* at 2. "Having had the opportunity to bring this evidence to the Court's attention in a timely manner, and having failed to do so, Petitioner will not now be permitted to attempt to present an argument that could have been presented well before the Court issued its judgment in this case." *Id.*

Petitioner filed the instant petition before this Court while his Rule 60(b) motion was pending before the District of Maryland. Petition, Docket Entry 1. This Court administratively terminated the petition on August 11, 2015, for failure to pay the filing fee or submit an application to proceed *in forma pauperis*, and for failure to use the correct § 2241 form. Docket Entry 2. Petitioner moved to reopen his case on September 3, 2015. Docket Entry 3. This Court denied the request as

Petitioner still had not complied with the Court's previous Order. Docket Entry 4. Petitioner thereafter submitted an amended petition on the proper form, an application to proceed *in forma pauperis*, and the filing fee. Amended Petition.[2]

    Petitioner raises four grounds for relief: (1) the United States "failed to disclose the State-issued [writ] on Record"; (2) "The absence of the State-writ raises suspicion of governmental culpability"; (3) "The Federal Government violated a territorial and judicial command by the Seventh Judicial Circuit Court for Prince George's County, Maryland. The state-writ is a jurisdictional matter; Prisoner Hare was not returned to the custody of state authorities, that indicates a conflict of jurisdiction," and; (4) "the absence of the State-writ [from the] open record caused an actual systemic malfunction between the intra-agencies of the DOJ. This breakdown did cause the U.S. District Court to convict Prisoner Hare in violation of fundamentally protected Constitutional and Statutory law." Amended Petition at 7-9. He asks the Court to vacate his conviction for lack of jurisdiction. *Id.* at 9.

---

[2] As the petition is being dismissed for lack of jurisdiction, Petitioner's request to proceed *in forma pauperis* is denied as moot.

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

### IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir.

5

2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002).

Here, Petitioner asserts the District of Maryland lacked jurisdiction over him at the time of his plea, rendering its

6

subsequent judgment of conviction invalid. He candidly admits that he is challenging the validity of his conviction, Amended Petition at 5, but argues that he had no means of addressing the purported lack of jurisdiction "until [the] § 2255 Judicial Order illustrated a contradiction of the writ." *Id.* at 9. However, Petitioner did in fact present this claim to the District of Maryland in a motion for relief from its order in his § 2255 proceedings. *Id.* at 7. In rejecting Petitioner's argument, the District Court noted that Petitioner had had the opportunity to amend his § 2255 motion to include this argument but failed to do so. *United States v. Hare*, No. 07-0189, slip op. at 2 (D. Md. Sept. 22, 2015) (order denying relief from judgment).[3] Section 2255 is not "inadequate or ineffective" because the sentencing court did not grant Petitioner his requested relief under either § 2255 or Rule 60(b). *Cradle,* 290 F.3d at 539. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

---

[3] The District Court specifically addressed Petitioner's jurisdiction arguments on the merits in its opinion, stating: "there is no question that this Court had jurisdiction over Petitioner throughout the entirety of his criminal case, notwithstanding that the state may have filed a writ of habeas ad prosequendum at some point during the proceedings." *Hare*, No. 07-0189, slip op. at 2 n.3.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

## V.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition. An accompanying Order will be entered.


 **September 21, 2016**                    **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge